**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4513

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH TYREE RYLES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cr-00009-GMG-RWT-1)

Submitted:  May 31, 2022                    Decided:  June 16, 2022

Before MOTZ and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Kimberley Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Tyree Ryles appeals the 120-month sentence imposed following his guilty plea to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Ryles argues that the district court erroneously applied the sentencing enhancement under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(b) (2018), because his prior Maryland conviction for attempted distribution of cocaine does not qualify as a predicate controlled substance offense, thereby rendering his sentence procedurally unreasonable. We vacate and remand for resentencing.

"We consider de novo the question of whether a prior conviction qualifies under the Guidelines as a 'controlled substance offense' for purposes of a sentencing enhancement." *United States v. Campbell*, 22 F.4th 438, 441 (4th Cir. 2022) (cleaned up). Section 2K2.1(a)(2) of the Sentencing Guidelines provides for the application of a base offense level of 24 if, as part of an offense involving the unlawful possession of a firearm, "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). A "'[c]ontrolled substance offense' has the meaning given that term in [USSG] § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1 cmt. n.1. Section 4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Application Note 1 of USSG § 4B1.2(b) provides that

2

the term "controlled substance offense" also "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG § 4B1.2(b) cmt. n.1.

In *Campbell*, we considered "whether [USSG] § 4B1.2(b)'s definition of 'controlled substance offense' includes an attempt to deliver a controlled substance," 22 F.4th at 442, and held that it does not, *id.* at 449. We explained that the text of USSG § 4B1.2(b) does not define "controlled substance offense" to include attempt offenses, while the commentary to USSG § 4B1.2 includes attempt offenses. *Id.* at 442, 444. We held that the commentary's expanded definition is plainly inconsistent with the Guidelines' plain text and not entitled to deference under *Stinson v. United States*, 508 U.S. 36, 43 (1993). 22 F.4th at 443-49. We concluded that the defendant's attempt conviction could not qualify as a controlled substance offense and, therefore, vacated and remanded for resentencing. *Id.*

Because USSG § 4B1.2(b)'s definition of a "controlled substance offense" does not include attempt offenses, the district court procedurally erred in calculating Ryles' Guidelines range under § 2K2.1(a)(2).[*] Accordingly, we vacate and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We recognize that the district court sentenced Ryles without the benefit of our decision in *Campbell*.

3